IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| EDWARD JAMES BREWER | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0837-G-BD |
| | § | |
| MARKEKA CURTIS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

On November 30, 2010, Plaintiff Edward James Brewer, appearing *pro se*, was ordered for the fifth time to obtain proper service on the defendants in this action. *See* Doc. #32. Plaintiff was warned that if he failed to serve the defendants named in his complaint, and make proof of service to the court, by December 31, 2010, any defendant not served would be subject to dismissal without prejudice. *Id.*; *see also* FED. R. CIV. P. 4(m). Despite being told in a prior order exactly how to obtain service under the federal rules, *see* Doc. #21, there is no indication that plaintiff has properly served, or attempted to properly serve, any defendant, other than Markeka Curtis and Jeffrey Dumbrosky, with a summons and a copy of his complaint. For these reasons, the claims against all defendants, other than Curtis and Dumbrosky, should be dismissed without prejudice.

I.

On April 27, 2010, plaintiff filed this unspecified civil action against the Texas Board of Pardons and Paroles and various state parole officials and employees. In an order dated May 20, 2010, plaintiff was notified that because he paid the statutory filing fee, he was responsible for serving each defendant with a summons and complaint in accordance with the federal rules, and that

any defendant not served within 120 days after the complaint was filed "will be subject to dismissal without prejudice." *See* Doc. #7, *citing* FED. R. CIV. P. 4(m). Upon receipt of that order, plaintiff filed a motion to require the Texas Attorney General to accept service on behalf of all named and unnamed defendants. *See* Doc. #8. Noting it was "unaware of any federal or state rule that requires the Texas Attorney General to accept service of process on behalf of a state agency or an individual defendant[,]" the court denied the motion. *See* Doc. #10. The court also denied plaintiff's motion to appoint the United States Marshal to serve the defendants. *See* Doc. #11. In denying that motion, plaintiff was reminded that he is responsible for serving each defendant with a summons and a copy of his complaint in accordance with Fed. R. Civ. P. 4(c). *Id.* That rule provides, in pertinent part:

> (1) **In General.** A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> (2) **By Whom.** Any person who is at least 18 years old *and not a party* may serve a summons and complaint.

FED. R. CIV. P. 4(c) (emphasis added). Notwithstanding the court's clear instructions and citation to the federal rules, plaintiff attempted to effect service himself by mailing a summons for each defendant to the Texas Attorney General. *See* Docs. #15, 16, 17, 18.

In an order dated October 19, 2010, the court instructed plaintiff on the proper method for serving the Texas Board of Pardons and Paroles, as well as the individual defendants named in his complaint. Plaintiff was told that under Rule 4(j)(2), a state-created governmental organization that is subject to suit, such as the Texas Board of Pardons and Paroles, must be served by:

> (A) delivering a copy of the summons and the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

*See* Doc. #21, *citing* FED. R. CIV. P. 4(j)(2). The court also instructed that an individual defendant may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id., citing* FED. R. CIV. P. 4(e). Because plaintiff attempted to serve the defendants by certified mail, return receipt requested, ostensibly in conformity with Texas law, the court pointed out the requirements for service by mail. Plaintiff was told that under the Texas Rules of Civil Procedure, service by mail must be made by a sheriff or constable, the clerk of court, "or other person authorized by law, [or] any person authorized by law or by written order of the court who is not less than eighteen years of age." *Id., citing* TEX. R. CIV. P. 103. After explaining why service on the defendants was defective, the court instructed plaintiff exactly how to obtain proper service under the federal rules:

> Service on the Texas Board of Pardons and Paroles must be made in accordance with Fed. R. Civ. P. 4(j)(2). Service on the individual defendants must be made in accordance with Fed. R. Civ. P. 4(e). If plaintiff chooses to serve the defendants personally under federal law, service may be effected by any person who is not a party and who is at least 18 years of age. *See* FED. R. CIV. P. 4(c)(2). If plaintiff chooses to serve the defendants by registered or certified mail under Texas law, service must be effected by a sheriff, constable, court clerk, or suitable person authorized by written order of the court or

>certified under order of the Supreme Court of Texas. *See* TEX. R. CIV. P. 103. Regardless of the method of service chosen by plaintiff, he must pay all costs and fees required by the process server. Proof of service must be made to the court in accordance with Fed. R. Civ. P. 4(*l*).

*Id.* The court ordered plaintiff to obtain proper service on each defendant named in his complaint, and make proof of service to the court, by November 22, 2010, or any defendant not served would be subject to dismissal without prejudice. *Id.*

Despite being told that no person who is a party to or interested in the outcome of a suit may serve process, and that service by registered or certified mail "must be effected by a sheriff, constable, court clerk, or suitable person authorized by written order of the court or certified under order of the Supreme Court of Texas[,]" plaintiff failed to effect service in that manner. According to affidavits filed with the clerk on November 22, 2010, *plaintiff* mailed a summons and a copy of his complaint to each defendant by certified mail. Process was not mailed by a sheriff, constable, court clerk, or other "suitable person[.]" In an order issued the same day, the court indicated that it was "inclined to dismiss this case without prejudice" because defendants were not served within 120 days after the complaint was filed, and plaintiff failed to comply with an order instructing him on the proper method of obtaining service. *See* Doc. #28. Rather than dismiss the case outright, the court gave plaintiff an opportunity to show good cause for failing to properly serve the defendants with a summons and a copy of his complaint in the manner required by law. *Id.*

In response to the show cause order, plaintiff filed a pleading entitled "Motion Under Rules #8 -- General Rules of Pleading to Grant Him the Opportunity to Effectively Serve All Named Defendants Under Him Original Complaint." *See* Doc. #31. The court treated the pleading as a motion for extension of time to serve defendants, and ordered plaintiff to obtain proper service on each defendant named in his complaint by December 31, 2010. *See* Doc. #32. Plaintiff was told that

no further extensions would be granted, and that any defendant not served by that date would be subject to dismissal without prejudice. *Id.* Since that order was entered, summonses were reissued to only two of nine defendants -- Markeka Curtis and Jeffrey Dumbrosky. *See* Docs. #33 & 34. Dumbrosky was served on December 16, 2010. *See* Doc. #37. A Dallas County constable attempted to serve Curtis at her place of employment on December 29, 2010, but was told that Curtis was out on "medical leave." *See* Doc. #36. There is no evidence that plaintiff has served, or attempted to serve, any other defendant in accordance with the federal rules.

II.

Fed. R. Civ. P. 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The court advised plaintiff at least *five times* that he was responsible for effecting service on the defendants named in his complaint. In an order dated October 19, 2010, plaintiff was specifically told that the Texas Board of Pardons and Paroles may be served by delivering a copy of the summons and complaint to the chief executive officer of the agency. The order also instructed plaintiff on the proper manner of obtaining service on the individual defendants. Despite those clear instructions, and multiple warnings that any defendant not properly served by December 31, 2010, would be dismissed without prejudice, plaintiff has attempted proper service on only two defendants -- Markeka Curtis and Jeffrey Dumbrosky. More than 120 days have passed since plaintiff filed his complaint, and he has not shown good cause for failing to serve the other defendants. Accordingly, plaintiff's claims against all defendants, other than Curtis and Dumbrosky,

should be dismissed without prejudice. *See Ayika v. Sutton*, 378 Fed.Appx. 432, 434, 2010 WL 1948362 at *1-2 (5th Cir. May 14, 2010) (affirming dismissal of *pro se* civil action for failure to obtain proper service on defendants within 120 days after complaint was filed); *Larrew v. Barnes*, No. 3-02-CV-1585-K, 2003 WL 21663250 at *1 (N.D. Tex. Mar. 20, 2003) (same).

## RECOMMENDATION

Plaintiff's claims against all defendants, other than Markeka Curtis and Jeffrey Dumbrosky, should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 4, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE