IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD JAMES BREWER | § | |
| Plaintiff, | § | |
| VS. | § | NO. 3-10-CV-0837-G-BD |
| MARKEKA CURTIS, ET AL. | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Markeka Curtis and Jeff Dombrosky have filed a motion for summary judgment in this *pro se* civil rights action brought by Edward James Brewer arising out of the modification of his parole terms. For the reasons stated herein, the motion should be granted.

I.

A brief recitation of the facts is necessary to the disposition of the pending motion. In 1977, plaintiff was convicted of aggravated robbery and sentenced to 25 years confinement. (Def. MSJ App. at 909-10). From 1985 to 2008, plaintiff was paroled three times from TDCJ. (*Id.* at 176-78, 648-49, 874-75). His parole was twice revoked following two other aggravated robbery convictions. (*See id.* at 205-08, 931-33). When plaintiff was paroled again in 2008, he was placed on Super Intensive Supervision ("SISP"). (*Id.* at 176-79). Among the requirements of that program are electronic monitoring, complying with a daily activity schedule, and obtaining approval from his parole officer for all travel within and beyond his county of residence. (*Id.*). Plaintiff acknowledged and agreed to the terms of his parole, including the SISP conditions, in June 2008. (*Id.* at 178-79).

On January 7-8, 2010, plaintiff allegedly deviated from his SISP schedule without the approval of his parole officer, Markeka Curtis. (*Id.* at 69-70). According to the parole violation report, plaintiff told Curtis that "he had to take care of some business" and traveled to an apartment complex to visit his grandchildren. (*Id.* at 70). When Curtis reminded plaintiff that those visits were not on his daily activity schedule, plaintiff stated that "he was going to check on his family." (*Id.*). Plaintiff was subsequently arrested for violating the terms of his parole. (*Id.* at 56). A revocation was held on January 22, 2010. (*Id.* at 63). After considering the evidence, including testimony from plaintiff and Curtis, the hearing officer, Jeff Dombrosky, found that plaintiff failed to comply with a daily activity schedule as required by his SISP conditions. (*Id.* at 67-69). Instead of revoking his parole, both Curtis and Dombrosky recommended assigning plaintiff to an Intermediate Sanction Facility ("ISF"). (*Id.* at 71). That recommendation was adopted by the parole board, and plaintiff was assigned to the Baten ISF until May 13, 2010, when he was released pursuant to his parole terms. (*Id.* at 52-53).

Dissatisfied with that decision, plaintiff sued Curtis, Dombrosky, and other Texas parole officials in federal district court.[1] As best the court can decipher his complaint, plaintiff appears to allege that defendants violated his right to due process by modifying the terms of his parole. Defendants now move for summary judgment as to this claim. The issues have been briefed by the parties, and the motion is ripe for determination.

II.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law

---

[1] Plaintiff's claims against the other defendants were dismissed without prejudice for failure to obtain proper service in a timely manner. *See Brewer v. Curtis*, No. 3-10-CV-0837-G-BD, 2011 WL 117880 (N.D. Tex. Jan. 4, 2011), *rec. adopted*, 2011 WL 121740 (N.D. Tex. Jan. 12, 2011).

determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

A.

Defendants move for summary judgment on various grounds, including the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[2] *Heck* holds that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *See Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence[.]" *Id.* If so, the

---

[2] Defendants also argue that: (1) plaintiff has no federal civil rights action for the modification of his parole terms; (2) there is no evidence of a due process violation; and (3) they are entitled to Eleventh Amendment immunity, absolute quasi-judicial immunity, and qualified immunity. (*See* Def. MSJ Br. at 6-7, 8-12). In view of the recommended disposition of this case, the court need not consider these other grounds for dismissal.

claim is barred unless the conviction has been reversed or been declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000). The rule in *Heck* applies to federal civil rights actions challenging state parole proceedings "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005); *see also Jeffrey v. Owens*, 216 Fed.Appx. 396, 397, 2006 WL 3625690 at *1 (5th Cir. Dec. 12, 2006), *citing Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (*Heck* applies to proceedings which call into question the fact or duration of parole).

B.

Plaintiff offers no evidence that the modification of his parole terms, which resulted in his incarceration from January 2010 to May 13, 2010, has been declared invalid by a state court or federal habeas court. In fact, the only argument made by plaintiff in his summary judgment response involves his entitlement to a default judgment against Curtis and Dombrosky. (*See* Plf. MSJ Resp. at 3-4).[3] Because plaintiff has failed to adduce any evidence that his claims are not *Heck*-barred, defendants are entitled to judgment as a matter of law.

## RECOMMENDATION

Defendants' motion for summary judgment [Doc. #55] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

---

[3] The court previously denied plaintiff's motion for entry of default and for default judgment against defendants. *See* Order, 2/18/11.

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 9, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE